IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYLER STRASKOWSKI,[1]

                      Plaintiff,

  v.

CHRISTOPHER MCNAMARA, SARA TORRENCE, JUDGE JAMES ISAACSON, CHIPPEWA COUNTY DEPARTMENT OF HUMAN SERVICES,

                      Defendants.

OPINION and ORDER

25-cv-67-wmc

---

Plaintiff Tyler Straskowski, who is representing himself, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that various individuals and entities involved in the proceedings surrounding a child protective services matter in the Chippewa County Circuit Court violated his rights under the U.S. Constitution and various federal and state statutes. Because plaintiff seeks to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). The court accepts plaintiff's allegations as true and construes them generously, holding his pro se complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir.

---

[1] While Straskowski listed "State of Wisconsin Circuit Court Chippewa County" as a second plaintiff in the caption of his proposed complaint (dkt. #1), the circuit court has not signed on to plaintiff's complaint and is not a proper plaintiff in this action. Similarly, plaintiff lists his minor child, T.S.S., as a plaintiff, but he cannot represent T.S.S. *Lawrence v. Sec'y of State*, 467 F. App'x 523, 525 (7th Cir. 2012) ("*pro se* plaintiffs cannot represent others"); *Tuttle v. Illinois Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel."). Thus, the clerk's office is directed to revise the caption is accordingly, and plaintiff should omit those parties from his amended complaint.

2011). Even under this lenient standard, however, plaintiff's allegations are too vague and confusing to meet the pleading standard of Federal Rule of Civil Procedure 8. Accordingly, the court will dismiss plaintiff's complaint without prejudice and give plaintiff a brief opportunity to file an amended complaint that fixes the problems laid out below.

## ALLEGATIONS OF FACT[2]

Plaintiff Tyler Straskowski names the following defendants who were involved in Child Protective Services ("CPS") proceedings in Chippewa County Circuit Court in 2024: CPS worker Christopher McNamara; Sara Torrence, whom the court assumes is another CPS worker; Judge James Isaacson, who presided over the proceedings; and the Chippewa County Department of Human Services. While plaintiff does not identify or otherwise explain the legal proceedings, publicly available court records accessed online show that Chippewa County Circuit Court Judge Isaacson entered a temporary order regarding the legal custody and physical placement of plaintiff's minor child, T.S.S., in March 2025. *See In Re the Support of: T.S.S.*, Chippewa Cty. Case No. 2020FA197 (accessed Jul. 1, 2025).

Plaintiff alleges that defendants are guilty of cruel and unusual punishment under the Eighth Amendment, violating his due process rights, defaming him, and committing extortion, and engaging in a conspiracy to violate his rights. He further alleges Judge Isaacson would not let him speak in court or ask why McNamara was fired.

---

[2] Unless otherwise indicated, the allegations of fact in plaintiff's amended complaint are taken as true for purposes of screening.

OPINION

After review, the court concludes that plaintiff's complaint must be dismissed. To start, the Chippewa County Department of Human Services is not a "person" that may be sued under § 1983. Indeed, while Wisconsin municipalities may be sued, *see* Wis. Stat. § 62.25, agencies and departments may not. *Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) ("a police department is not a suable entity under § 1983"); *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (sheriff's department is not a "legal entity separable from the county government" and thus is not subject to suit under § 1983). As for Judge Isaacson, judges are immune from liability for actions taken in their judicial capacity even if those acts are "flawed by commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The Supreme Court has determined that, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991).

Next, the court understands McNamara and Torrence to be CPS workers, who are state actors and are not entitled to immunity. Thus, the question becomes whether plaintiff's allegations in his complaint support a constitutional claim against these defendants. Plaintiff cites both the Eighth and Fourteenth Amendments. While the Eighth Amendment prohibits the government from inflicting cruel and unusual punishments, those protections are generally understood to apply to *criminal* proceedings, not to the context of parental rights. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal

3

adjudication of guilt in accordance with due process of law."); *Ingraham v. Wright*, 430 U.S. 651, 666-67 (1977) (holding Cruel and Unusual Punishments Clause designed to circumscribe the criminal process). Plaintiff does not describe the proceedings he references, but it appears that they involved either his parental rights or the custody of his children, meaning his claim likely arises under the due process clause of the Fourteenth Amendment. *See Dunn v. City of Mt. Vernon et als.*, No. 25-CV-00228, 2025 WL 1684270, at *2 (S.D. Ill. June 16, 2025) (finding plaintiff's Eighth Amendment claim that defendants interfered with her parental rights baseless because she had not been subject to any kind of state sanctioned punishment); *M.K.A.W. v. Walworth Cnty.*, No. 24-CV-0741, 2025 WL 889469, at *3 (E.D. Wis. Mar. 21, 2025) (finding plaintiff's claims that CPS agency and employees acted with "deliberate indifference" most appropriately analyzed under Fourteenth Amendment and not Eighth Amendment).

The biological parent of a child has a fundamental right, protected by the due process clause, to parent that child. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981). A parent may be deprived of that right only if he is afforded notice and an opportunity to be heard at a meaningful time in a meaningful way. In cases involving the termination of parental rights or the removal of a child from the parental home, this usually would require a hearing and an opportunity to participate in that hearing. *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982). When the state provides adequate remedies to the parent, there is no due process violation. *Id*. at 515. Indeed, Wisconsin allows for review of *ex parte* orders regarding child custody and placement, and this review provides an adequate remedy for an erroneous order. *See, e.g., Jones v. Jones*, 142 Wis. 2d 943, 419 N.W.2d 573 (Ct. App. 1987) (reviewing a Dane County Court

4

Commissioner's *ex parte* order granting custody of a child and concluding that court hearings concerning the order after it was entered satisfied due process).

Here, it appears that plaintiff has been able to take advantage of the available Wisconsin remedies, and thus it is unlikely that he has a viable claim under the Fourteenth Amendment against McNamara or Torrence.  While plaintiff generally alleges that he was not treated well during the legal proceedings, his allegations suggest that he participated in the court proceedings, even if he was not able to ask all of his questions.  Plaintiff's brief and conclusory allegations may challenge the evidence the CPS workers presented during the proceedings, but his allegations do not suggest that the CPS workers actually prevented him from participating in those proceedings.  Therefore, as currently pled, his complaint does not satisfy Federal Rule of Civil Procedure 8, which requires the complaint to present "a short and plain statement of the claim showing that he is entitled to relief."  Because plaintiff's complaint is so lacking in detail, the court will afford him the opportunity to submit a proposed amended complaint explaining how McNamara and Torrence prevented him from accessing a remedy in the state court system, not just that he is dissatisfied with the results.  In deciding whether to submit an amended complaint, plaintiff should bear in mind that his claim will go forward only if he can allege facts in good faith suggesting that he had been completely shut out of the process, such that he has had no meaningful opportunity to be heard concerning his parental rights.  He should tell a more complete story about what McNamara and Torrence did to prevent him from having a full and fair opportunity to protect his parental rights and what steps he has taken to reverse that order.  In particular, plaintiff should provide a description of the court proceedings and a timeline of the events leading up to any action that was taken, the steps McNamara and Torrence took to interfere with his ability to participate in the proceedings,

and the impact of those steps on the proceedings. To the extent plaintiff is seeking to pursue other federal claims, or state law claims against these individuals based on the court's supplemental jurisdiction, 28 U.S.C. § 1367, he can clarify this in his amended pleading.

If plaintiff submits a proposed amended complaint by July 29, 2025, the court will take it under advisement for screening pursuant to § 1915(e)(2). If plaintiff fails to respond to this order by that deadline, the case will be dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff Tyler Straskowski's complaint (dkt. #1) is DISMISSED without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff shall have until July 29, 2025, to submit an amended complaint that omits improper defendants and provides additional details related to his proposed claims against defendants. If plaintiff submits a proposed amended complaint by that deadline, the court will take it under advisement for screening. If plaintiff fails to respond to this order by that deadline, the case will be dismissed.

Entered this 8th day of July, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge